IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-03025-SRB |
| | ) | |
| THE CITY OF THREE RIVERS, MICHIGAN, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the City of Three Rivers ("The City") and Officer Justin Holbrook's ("Holbrook") (collectively, "Defendants") Motion to Transfer Venue and for Extension of Time to Plead. (Doc. #8.) For the reasons stated below, Defendants' motion is GRANTED.

### I. BACKGROUND

This lawsuit arises out of a series of events which took place in January 2018 in the City of Three Rivers, Michigan. Plaintiff Robert Taylor alleges Defendants violated his civil rights secured by the First, Fourth, and Fourteenth Amendments. He brings this *pro se* action pursuant to 42 U.S.C. § 1985(3) (Conspiracy to interfere with civil rights), 42 U.S.C. §§ 12131-134 (Title II of the Americans with Disabilities Act), and 29 U.S.C. §§ 701 *et seq.* (Section 504 of the Rehabilitation Act). (Doc. #5, pp. 1–2.) Because Plaintiff is *pro se*, the Court is deferential when reviewing the factual allegations sets forth by Plaintiff in his amended complaint. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (noting "a *pro se* complaint must be liberally construed") (internal citations omitted).

Plaintiff states that he is a disabled person who currently resides in Springfield, Missouri. However, at the times relevant to this instant suit, he lived in Three Rivers, Michigan, located in

St. Joseph County. Because of his physical disabilities and mental illness, Plaintiff states that he utilizes walking aids, is often accompanied by a "service companion," and that he would use the St. Joseph County Transit Service when he resided in Three Rivers. (Doc. #5, p. 3.)

Plaintiff alleges that in January 2018, a St. Joseph County Sheriff Deputy officer named John David Overton ("Overton") was operating a "commercial enterprise in the residential zoned district" where Plaintiff resided in Three Rivers. (Doc. #5, p. 4.) Plaintiff alleges that Overton "blocked access by public transportation vehicles" in front of Plaintiff's residence, prompting him to ask the Three Rivers Zoning Commission to address Overton's zoning violation. (Doc. #5, p. 4.) Plaintiff claims that in response to his complaint to the City, Overton and several of his relatives "initiate[d] a pattern of discrimination using City of Three Rivers employees as retaliation." (Doc. #5, p. 5.) On January 13, 2018, Plaintiff alerted Holbrook, a law enforcement officer with the City, of the Overtons' ongoing harassment.

On January 16, 2018, Plaintiff allegedly sent the City a written request for "reasonable accommodations for access to public transportation." (Doc. #5, p. 5.) That same day, Plaintiff also notified Holbrook that he possessed a "Michigan medical marijuana patient card." (Doc. #5, p. 5.) Plaintiff alleges both the City and Holbrook immediately began to intimidate, harass, and surveil Plaintiff after he submitted his accommodation request. He alleges, among other things, that a St. Joseph Sheriff Deputy named Brandon Dahl ("Dahl") performed an unlawful search of Plaintiff's premises on January 31, 2018. Plaintiff briefly alleges the following incidents also occurred prior to January 31, 2018: the City denied Plaintiff reasonable accommodations when a water department employee performed service work near Plaintiff's residence; a City employee submitted a false accident report in an attempt to cite Plaintiff for a minor traffic accident; Holbrook attempted to issue a citation for a covered motor vehicle on Plaintiff's property; and

the City allowed another officer to unlawfully detain Plaintiff and his service companion. (Doc. #5, pp. 7–8.)

On February 9, 2021, Plaintiff filed his *pro se* amended complaint pursuant to federal question jurisdiction. On March 22, 2021, Defendants jointly filed a motion to transfer venue.[1] (Doc. #8.) Defendants argue venue in the Western District of Missouri is improper pursuant to 28 U.S.C. §§ 1391(b) and 1406(a). Defendants ask the Court to transfer this case to the United States District Court for the Western District of Michigan or, alternatively, to dismiss the case.[2]

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406 permit a party to move to dismiss an action when it has been filed in the improper venue. *See* Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a); *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013) (noting "Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper.'"). The determination of proper venue is governed by 28 U.S.C. § 1391(b), which provides in relevant part:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"The moving party has the burden of establishing that venue is improper." *Bomkamp v. Hilton Worldwide, Inc.*, No. 13-CV-1569-CAS, 2014 WL 897368, at *5 (E.D. Mo. Mar. 6, 2014)

---

[1] Defendants also requested an extension of time to plead (Doc. #8), which this Court granted on March 23, 2021. (Doc. #10.)

[2] Defendants also contend this Court lacks personal jurisdiction over Defendants. However, Defendants indicate that if the case is transferred to the Western District of Michigan, "Defendants would not challenge personal jurisdiction in that Court." (Doc. #9, p. 3 n.1.)

3

(citation omitted). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Transfer is preferred over dismissal whenever possible to remove procedural obstacles which would prevent an expeditious and orderly adjudication of a case on its merits." *Arkansas-Mo. Forest Prod., LLC v. Lerner*, No. 15-CV-00771-SRB, 2016 WL 756503, at *4 (W.D. Mo. Feb. 25, 2016) (citations and quotation marks omitted).

### III. DISCUSSION

Defendants move to transfer this case for improper venue. Defendants first contend that § 1391(b)(1) is inapplicable because the only named defendants are the City and Holbrook, and neither is alleged to be a resident of Missouri or the Western District of Missouri. Defendants also contend that all the events giving rise to Plaintiff's alleged claims occurred in the Western District of Michigan, thereby making venue in the Western District of Missouri improper under § 1391(b)(2). In response, Plaintiff contends that under § 1391(b)(3) and § 1406(a), "there is no district which an action may otherwise be brought . . . because of [his] disabilities and 42 U.S.C. 12132–12134." (Doc. #12, p. 6.)

Upon review of the record, the Court agrees with Defendants and finds that venue in the Western District of Missouri is improper. Neither the City nor Holbrook reside in Missouri, and therefore Plaintiff cannot rely on § 1391(b)(1) to establish that venue is proper in the Western District of Missouri. Section 1391(b)(2) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" As alleged in Plaintiff's amended complaint, all the events and omissions giving rise to Plaintiff's claims occurred in St. Joseph County, Michigan, within the Western District of Michigan. Since

this action may be properly brought in the Western District of Michigan, Plaintiff cannot rely on § 1391(b)(3) to establish venue in this district, which only applies "if there is no district in which the action may otherwise be brought."

Plaintiff raises several arguments in opposition to Defendants' motion. None are persuasive. First, while Plaintiff claims his disabilities make § 1391(b)(3) applicable in this case, he cites no legal authority in support of this contention, nor does he explain why § 1391(b)(2) is inapplicable. Second, Plaintiff argues that the City is a "public entity" within the definition of 42 U.S.C. § 12131 and, as a recipient of federal funds, may not discriminate against a qualified handicapped person. However, the statutes and regulations cited by Plaintiff do not change the Court's determination that venue in the Western District of Missouri is improper. Third, Plaintiff argues "failure to accommodate persons with disabilities will often have the same practical effect as outright exclusion." *Tennessee v. Lane*, 541 U.S. 509, 531 (2004). Plaintiff misconstrues this case and its effect on this Court's venue analysis. In *Lane*, the U.S. Supreme Court held:

> Recognizing that failure to accommodate persons with disabilities will often have the same practical effect as outright exclusion, Congress required the States to *take reasonable measures to remove architectural and other barriers to accessibility*. 42 U.S.C. § 12131(2). But Title II does not require States to employ any and all means to make judicial services accessible to persons with disabilities, and it does not require States to compromise their essential eligibility criteria for public programs.

541 U.S. at 531–32 (emphasis added). Plaintiff does not contend that a physical barrier prevents him from litigating his case in the Western District of Michigan. Rather, Plaintiff states that staying in the Western District of Missouri is his "preferred method" and that "City of Three Rivers must make accommodations" by, presumably, litigating this case in the Western District of Missouri. (Doc. #12, ¶ 22.) These arguments are not supported by *Lane*, and Plaintiff fails to show that the Western District of Missouri is the proper venue under § 1391(b).

5

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Transfer Venue and for Extension of Time to Plead (Doc. #8) is GRANTED.  For the foregoing reasons, this case is **TRANSFERRED** to the United States District Court for the Western District of Michigan.  The Clerk of the Court is directed to take all steps necessary to effectuate this transfer.  Per the Court's order on March 23, 2021 (Doc. #10), Defendants shall file their responsive pleadings within twenty-one days of the transferee court's receipt of this case, unless otherwise ordered by the transferee court.  Lastly, the Clerk of the Court is directed to mail a copy of this Order to Plaintiff at his last known mailing address.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  April 20, 2021

6

Case 6:21-cv-03025-SRB   Document 14   Filed 04/20/21   Page 6 of 6